**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Angel Pedroza-Pedroza,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-03995-PHX-DWL (JZB)

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Petitioner seeks release from immigration detention or, alternatively, another custody hearing at which Respondents must establish the necessity of detention by clear and convincing evidence. Respondents oppose relief on exhaustion and statutory grounds and rely on the Immigration Judge's ("IJ") alternative determination that Petitioner poses a danger to the community. (Doc. 7.) Petitioner also requests expedited consideration because his father faces a serious medical crisis. (Doc. 13 at 1-5, 18.)

## I. Background

Immigration officials took Petitioner into custody on October 1, 2025 after he returned to Joint Base Lewis-McChord in Washington to complete paperwork concerning an earlier incident at the installation. (Doc. 7 at 2.) The government alleges that the earlier incident involved a high-speed pursuit, Petitioner's entry onto the military installation, and a vehicle crash; Petitioner disputes material aspects of that account. (Doc. 7 at 1-2; Doc. 9 at 4-5.)

On December 31, 2025, Petitioner appeared through counsel for a custody redetermination hearing. (Doc. 7-5 at 2, 4.) The Department of Homeland Security ("DHS") argued both that the IJ lacked bond jurisdiction under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) and that Petitioner posed a danger to persons or property. (*Id.* at 4.) DHS supported its dangerousness argument with Petitioner's criminal history and pending allegations involving attempting to elude a police vehicle, driving under the influence, racing, and reckless endangerment. (*Id.*) Petitioner's counsel urged release based on Petitioner's citizen spouse and children, longstanding residence in the United States, and pending immigration applications. (*Id.*) The IJ concluded that *Yajure Hurtado* foreclosed bond jurisdiction, but alternatively denied bond because Petitioner had not established that he would not pose a danger to persons or property. (*Id.* at 3-4.)

Petitioner later requested another custody determination and submitted support letters, birth certificates, a marriage certificate, declarations, and immigration-related documents. (*Id.* at 4.) The IJ reviewed those materials, but concluded that they largely repeated information concerning family ties, residence, and immigration matters and did not materially diminish the earlier dangerousness concerns. (*Id.* at 4-5.) The IJ expressly distinguished pending charges from convictions and explained that the custody inquiry nevertheless permitted consideration of reliable evidence concerning alleged criminal conduct. (*Id.* at 5.) The IJ also clarified that dangerousness, not flight risk, supplied the basis for the decision. (*Id.* at 5 n.2.) The IJ denied the renewed request on March 27, 2026, and Petitioner appealed on April 28, 2026. (*Id.* at 2-3.) In the briefing, the parties assert that the custody appeal is pending, and Respondents state that Petitioner did not appeal the initial bond decision. (Doc. 7 at 2-3; Doc. 9 at 2-3.)

## II. Jurisdiction

Section 2241 authorizes the Court to consider whether federal custody violates the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Although 8 U.S.C. § 1226(e) limits review of discretionary custody decisions, it does not eliminate habeas jurisdiction over constitutional claims and questions of law. *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir.

2011). Section 1226(e) does not categorically foreclose review of dangerousness determinations; the Ninth Circuit treats application of the dangerousness standard to established facts as a reviewable mixed question and applies deferential abuse-of-discretion review. *Martinez v. Clark*, 124 F.4th 775, 781-85 (9th Cir. 2024).

Section 1226(a) permits detention during removal proceedings and authorizes release on bond or conditional parole. 8 U.S.C. § 1226(a). A detainee can obtain an individualized bond hearing, present evidence with counsel's assistance, appeal an adverse determination, and request another hearing upon a material change in circumstances. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197-98 (9th Cir. 2022); 8 C.F.R. §§ 1003.19, 1236.1(d). At an ordinary § 1226(a) hearing, the detainee bears the burden of establishing that release would not present a danger or an unacceptable flight risk. *Rodriguez Diaz*, 53 F.4th at 1197.

## III. Discussion

### A. Hearing

Respondents contend that § 1225(b)(2)(A) requires Petitioner's detention because he entered the United States without admission. (Doc. 7 at 3-6.) The Ninth Circuit has since rejected that position for "aliens present without admission who are apprehended in the interior of the United States." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Those individuals fall within § 1226's detention framework, subject to any independently applicable mandatory-detention provision. *Id.*

Nevertheless, § 1226(a) permits continued detention after an individualized determination that the detainee poses a danger to the community. *Rodriguez Diaz*, 53 F.4th at 1197. Although the IJ's jurisdiction rationale has been overturned, the IJ separately considered dangerousness under the framework governing discretionary bond. (Doc. 7-5 at 3-5.) The IJ's memorandum establishes that the December 2025 proceeding involved competing presentations concerning release, not merely a threshold jurisdictional ruling. (*Id.* at 4.) DHS presented its dangerousness theory and identified the criminal history information and pending allegations that supported that theory. (*Id.*) Petitioner appeared

through counsel, and counsel presented individualized grounds for release. (*Id.* at 2, 4.) After considering those competing presentations, the IJ expressly concluded that Petitioner had not carried his burden on dangerousness. (*Id.* at 4.)

From this account, the Court finds that Petitioner had a meaningful opportunity, through counsel, to address the government's dangerousness allegations, challenge their reliability, and offer evidence supporting release. (*Id.* at 2-4.) The later proceedings reinforce that conclusion because Petitioner submitted additional evidence and arguments, and the IJ evaluated whether those submissions undermined the original dangerousness determination. (*Id.* at 4-6.) The IJ explained why the family and immigration evidence did not materially address the public-safety concerns and expressly acknowledged Petitioner's argument that arrests and pending charges do not establish convictions. (*Id.* at 5.) The alternative holding therefore supplies an independent basis for denying bond. (*Id.* at 4.) The IJ did not merely speculate that bond might prove inappropriate; the IJ heard the parties' competing positions and actually decided dangerousness under the detainee-burden framework that governs ordinary § 1226(a) hearings. (*Id.* at 3-4.) In *Rodriguez Diaz*, the Ninth Circuit held that due process did not require another bond hearing at which the government would bear the burden of justifying continued detention because the petitioner had already received an individualized hearing under § 1226(a), had an opportunity to present evidence supporting release, and could seek administrative review or renewed consideration upon a material change in circumstances—the same procedural protections Petitioner received here. *Rodriguez Diaz,* 53 F.4th at 1207-14.

Petitioner argues that the government relied on hearsay, disputed allegations about the vehicle incident, and criminal-history entries that include dismissed matters. (Doc. 9 at 2, 4-5.) He contends that direct evidence contradicts aspects of the government's account and that arrests do not establish present dangerousness. (*Id.* at 4-5.) These arguments are unavailing. The absence of a conviction does not categorically preclude the IJ from considering evidence of the underlying conduct. *Paredes-Urrestarazu v. U.S. INS*, 36 F.3d 801, 810 (9th Cir. 1994) (recognizing, in the discretionary-relief context, that the agency

may "consider evidence of conduct that does not result in a conviction"). But the IJ must distinguish evidence concerning that conduct from the mere fact of arrest. *Id.* at 816. The IJ recognized that distinction and did not describe every arrest or pending charge as a conviction. (Doc. 7-5 at 5.) The IJ instead focused on the nature and recency of the alleged conduct and explained why Petitioner's additional submissions did not materially diminish the resulting dangerousness concerns. (*Id.*) Petitioner's disagreement with the accuracy or weight of the government's evidence does not negate the meaningful opportunity he received to contest that evidence through counsel and subsequent submissions. The IJ's alternative holding therefore defeats Petitioner's contention that the agency denied him an individualized § 1226(a) custody determination.

**B. Exhaustion**

A detainee ordinarily must appeal an adverse bond determination to the Board of Immigration Appeals ("BIA") before seeking habeas review of that determination. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). When the detainee fails to exhaust, the court ordinarily should dismiss without prejudice or stay the claim unless circumstances justify excusing exhaustion. *Id.* Petitioner's characterization of his objections as constitutional does not eliminate exhaustion when the BIA can address the asserted errors. *Id.*

Respondents state that Petitioner did not appeal the initial dangerousness determination, and both parties describe the later custody appeal as pending. (Doc. 7 at 2-3; Doc. 9 at 2-3.) Petitioner asks the Court to excuse exhaustion because continued detention, newly available evidence, and the asserted unreliability of the government's account make further administrative review inadequate or futile. (Doc. 9 at 2-3.) Those arguments do not establish futility as to the individualized evidentiary issues because the BIA can address the IJ's treatment of the evidence and the determination that Petitioner failed to show materially changed circumstances. *Leonardo*, 646 F.3d at 1160. Petitioner's pending immigration applications and asserted new evidence identify matters for

administrative consideration; they do not establish that administrative review cannot supply a remedy. (Doc. 9 at 3, 6.)

The Court therefore dismisses Petitioner's requests to overturn the agency's individualized evidentiary and changed-circumstances determinations without prejudice for failure to exhaust.

**C. Duration**

Petitioner reports approximately 13 months of immigration detention and requests a hearing at which Respondents must justify continued detention by clear and convincing evidence. (Doc. 13 at 8; Doc. 9 at 8.) The Court in *Rodriguez Diaz* rejected a materially similar claim that prolonged § 1226(a) detention following an initial bond hearing necessarily requires another hearing with the government bearing that burden. *Rodriguez Diaz*, 53 F.4th at 1207-14.

The Court recognizes Petitioner's substantial liberty interest and assumes that *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), supplies the appropriate framework. *See Rodriguez Diaz*, 53 F.4th at 1206-1207. The government also maintains a substantial interest in protecting the community and the existing custody procedures reduce the risk of erroneous detention through individualized review, administrative appeal, and renewed consideration after a material change in circumstances. *Id.* at 1207-14. Here, Petitioner appeared with counsel, presented grounds for release, received an individualized dangerousness determination, submitted additional materials, and pursued administrative review. (Doc. 7-5 at 2-6.) Those circumstances present a procedural claim similar to *Rodriguez Diaz*. Petitioner's request for a clear-and-convincing burden does not establish a different result because *Rodriguez Diaz* explains that *Singh* does not impose a freestanding set of heightened procedures on every § 1226(a) bond determination. *Rodriguez Diaz*, 53 F.4th at 1195, 1199-1200. Accordingly, Petitioner's detention length does not independently require the additional hearing he requests, and he must exhaust his remaining individualized challenges through the available administrative process. *Rodriguez Diaz*, 53 F.4th at 1207-14; *Leonardo*, 646 F.3d at 1160.

**IT IS ORDERED:**

(1) Ground One of the Petition, which challenges Petitioner's detention as prolonged and unreasonable, and Ground Four of the Petition, which alleges that continued detention no longer serves a legitimate governmental purpose, are **denied**.

(2) Grounds Two and Three of the Petition are **denied** to the extent Petitioner alleges that the agency denied him a meaningful opportunity to contest the government's evidence or obtain individualized consideration of his circumstances. Grounds Two and Three of the Petition are **dismissed without prejudice** to the extent Petitioner seeks review of the IJ's evaluation of the disputed evidence, weighing of his family ties and pending immigration relief, or determination that he failed to establish materially changed circumstances, because Petitioner has not exhausted those challenges.

(3) Petitioner's Emergency Motion (Doc. 13) is **granted** to the extent it requests expedited consideration and is **denied** to the extent it requests release or other substantive relief.

(4) The Clerk of the Court must enter judgment consistent with this Order and close this action.

Dated this 19th day of November, 2026.

Dominic W. Lanza
United States District Judge